IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES B. ZIMMERMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil No. 14-cv-1120-MJR-CJP |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM and ORDER

**REAGAN, Chief Judge:**

In October 2014, Plaintiff James Zimmerman filed a complaint seeking judicial review of adverse findings made by the Social Security Administration. (Doc. 2). Plaintiff claims that this Court has jurisdiction for this review under 42 U.S.C. § 405(g). This matter comes before the Court on defendant's Motion to Dismiss based on (1) a failure to exhaust administrative remedies and (2) a lack of subject matter jurisdiction. Doc. 19.

### Procedural History

Plaintiff first applied for social security benefits in July 2004 and his claim was approved on March 24, 2008. (Doc. 19, p. 10). In December 2007, an administrative law judge (ALJ) approved a settlement of approximately $105,000 for plaintiff in a work-related Longshore and Harbor Workers' Compensation Act case. The Social Security Administration (SSA) failed to reduce plaintiff's monthly benefit in light of his settlement, as a beneficiary is not entitled to both full benefits and worker's compensation payments. See 42

1

U.S.C. § 424a(b) and 20 C.F.R. § 404.408(g). As a result, plaintiff received more than $40,000 in benefits he should not have received.

In December 2008, plaintiff received a notice that his benefits would be offset as he had an "overpayment balance." Plaintiff properly filed a request for reconsideration of this notice, and in September 2011 he was informed that the assessed overpayment was correct. In October 2011, plaintiff filed for Chapter 7 bankruptcy and the SSA was to stop collecting the overpayment from his social security benefits. In February 2012, the SSA discharged plaintiff's overpayment debt and has not collected overpayment since.

Plaintiff's benefits were still offset by the amount of his original worker's compensation claim, but he was not held responsible for the amount the SSA overpaid him. Plaintiff initially filed for reconsideration of the decision to offset his benefits, but voluntarily withdrew that reconsideration in June 2012. Plaintiff was properly advised of the voluntary withdrawal's effects, namely that the initial reconsideration determination would remain in effect.

Plaintiff filed another request for a hearing on June 11, 2013. This request was dismissed by an ALJ on January 15, 2014 because plaintiff failed to pursue administrative remedies when he voluntarily withdrew his initial request for a hearing. The ALJ also noted that plaintiff's notice of appeal was pending in District Court and she did not have the legal authority to consider an issue pending in District Court. Plaintiff filed a request for review of the dismissal which was denied by the Appeals Council in September 2014. Plaintiff filed this complaint seeking review of the Appeals Council's opinion in

October 2014 and defendant filed her motion to dismiss in April 2015.

## Issues Raised

Plaintiff's complaint requests that the Court reverse the most recent decision of the Appeals Council and require the ALJ to undertake a review of his claim on its merits. In defendant's motion to dismiss, she states plaintiff's complaint should be dismissed for a failure to exhaust administrative remedies and a lack of subject matter jurisdiction.

## Applicable Legal Standards

This Court reviews final decisions from the Commissioner to ensure that they are supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the decision must be final. The regulations outline a four-step administrative review process which a claimant must follow to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a). A claimant must first obtain the Social Security Administration's initial determination about the claimant's entitlement to benefits. If the claimant is unsatisfied with the initial determination he or she may ask for reconsideration and, if that is unsatisfactory, the claimant may request a hearing before an administrative law judge.

If the claimant is unsatisfied after the administrative law judge provides an opinion he or she may request the Appeals Council review the decision. Only upon completion of these steps is the decision considered final and reviewable. 20 C.F.R. § 404.900(a)(1-5). Once a decision is final, a claimant has sixty days after receipt of notice of the Appeals Council's action to file an action

in Federal District Court. 20 C.F.R. § 404.981.

## Analysis

Plaintiff's initial complaint asks this Court to reverse the decision of the Appeals Council and the ALJ, and order the ALJ to undertake a review of the matter on the merits. Defendant's motion to dismiss states that this Court does not have subject matter jurisdiction to address this complaint as plaintiff failed to properly exhaust administrative remedies.

Plaintiff states the "primary reason" the ALJ dismissed the request for a formal hearing was that she did not have legal authority to consider an issue pending before the District Court and because of this, the decisions of the SSA must be overturned. On the contrary, the ALJ gave three reasons as to why she denied the request for a formal hearing. This Court will analyze the ALJ's reasoning for denying the hearing, as it directly involves defendant's points in the motion to dismiss.

This Court will begin with the ALJ's second point as it speaks directly to defendant's motion to dismiss. The ALJ stated that the availability of a hearing on the issue of the continued offset of plaintiff's monthly benefits was not properly before her as the availability of a hearing terminated in 2012. Doc. 19, Ex. 2.

In 2008, plaintiff obtained an initial determination to offset his benefits from the SSA. *See* 20 C.F.R. § 404.902(e)(initial determinations include a reduction in benefits because you also receive worker's compensation benefits). Plaintiff sought a timely reconsideration of this decision, but voluntarily

withdrew the reconsideration in June 2012. He was advised of the effects his withdrawal would have, namely the SSA's reconsideration determination would remain in effect. That month the ALJ dismissed the hearing request as a result of the withdrawal, and that became a final decision. Plaintiff did not appeal this decision within the appropriate timeframe and the dismissal became binding. 20 C.F.R. 404.968(a)(1), ([w]ithin 60 days after the date you receive notice of the hearing decision or dismissal); 20 C.F.R. 404.959 (the dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council).

Plaintiff seemingly forgot that he was notified the SSA's determination would remain in effect and filed an additional request for a hearing on this issue in 2013. However, since there was not an additional initial determination or reconsideration, the ALJ stated that a hearing was not available for plaintiff. Plaintiff appealed that decision and the Appeals Council denied review. In an affidavit attached by defendant, SSA case administrator Kathie Hartt stated that if the Appeals Council denies a timely request for a review of a hearing decision, that hearing denial becomes a "final decision" within the meaning of the Social Security Act and would be reviewable by this Court. Doc. 19, Ex. 1. However, the request the Appeals Council denied was not timely and the request was dismissed. The SSA's manual on hearings, appeals, and litigation states that, "[a] dismissal action is not considered a final decision of the Commissioner for purposes of filing a civil action and is generally not appealable in Federal court." HALLEX I-2-4-5 F.

5

As stated above, this Court has jurisdiction to review final decisions from the Commissioner to ensure that they are supported by substantial evidence and that no mistakes of law were made. 20 C.F.R. § 404.900(a). Since plaintiff failed to appeal his first dismissal within sixty days and properly exhaust the available administrative remedies, this second dismissal does not constitute a final decision per the SSA. Plaintiff's filing of an entirely new request for a hearing, in what seems to be an attempt to circumvent the previous determinations, is error. There has not been a final decision, but rather a dismissal of an inappropriate action, and therefore this Court lacks jurisdiction under 42 U.S.C. § 405(g) to hear plaintiff's complaint.

It is important to note that the Seventh Circuit has held that an agency decision to dismiss an oral hearing does not necessarily block judicial review. *Boley v. Colvin*, 761 F.3d 803, 805-07 (7th Cir. 2014). The Court in *Boley* stated that if a hearing approval was denied for not meeting the sixty day requirement, the courts should look to see if there was a material dispute of fact for the delay. *Id.* However, the Court also reiterated that the main reason for the sixty day requirement was to "forestall repetitive or belated litigation of stale eligibility claims." *Id.* at 807. "In other words, one opportunity for judicial review is enough; a claimant who bypasses that chance cannot create another by a procedure that would evade a statutory deadline." *Id.*

Here, plaintiff had the opportunity for judicial review and knowingly chose to withdraw that opportunity. Plaintiff cannot create another opportunity

to have his claim reviewed by filing an entirely new request for a hearing.

Even if the dismissal was considered a final decision and plaintiff could have this claim reviewed on the merits, it is clear the ALJ did not make an error in her determination. The ALJ began her analysis by stating that there was no longer an overpayment being assessed by the SSA. The overpayment was discharged by the bankruptcy court and, as a result, the primary reason plaintiff sought a hearing was moot. In looking at the record, this seems to still be the case. Plaintiff is still not being assessed an overpayment, but his benefits remain reduced due to his lump-sum payment of worker's compensation. A disability beneficiary is not entitled to both full benefits and worker's compensation payments. An individual's periodic payments must be adjusted by pro-rating the amount of a lump-sum payment over time, the "Lump Sum Offset" as the Court will call it. See 42 U.S.C. §424a(b) and 20 C.F.R. § 404.408(g). Thus, the "Lump Sum Offset" plaintiff is still incurring is not in error.

Finally, the ALJ stated she did not have the authority to overturn a decision of a federal bankruptcy court or consider an issue pending before the District Court. The bankruptcy court ruled against plaintiff in a claim for an increase of benefits against the SSA. This Court informed the bankruptcy court that it did not have subject matter jurisdiction to rule on plaintiff's social security benefits, but if it had, the decision would have been correct. The bankruptcy court opinion being remanded for lack of subject matter jurisdiction does not grant the ALJ new grounds for analyzing plaintiff's claim.

7

Per the reasons discussed above, this Court does not have the subject matter jurisdiction to reverse the decision of the Appeals Council. However, even if subject matter jurisdiction were not an issue, it is apparent that a reversal would be inappropriate. The ALJ's reasoning for denying plaintiff's request was sound and as a result plaintiff's prayer for relief must be denied.

## Conclusion

Defendant's Motion to Dismiss plaintiff's complaint for failure to exhaust administrative remedies and lack of subject matter jurisdiction (Doc. 19) is **GRANTED**.

This action is **DISMISSED.** The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 14, 2015**          s/ *Michael J. Reagan*
                                    **MICHAEL J. REAGAN**
                                    **Chief Judge**
                                    **U.S. District Court**